UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **SUSAN COMEAUX** | : | **CASE NO.  2:23-CV-00295** |
| **VERSUS** | : | **JUDGE DAVID C. JOSEPH** |
| **SOUTHWEST LOUISIANA HOSPITAL ASSOCIATION** | : | **MAGISTRATE JUDGE LEBLANC** |

## REPORT AND RECOMMENDATION

Before the court is a Motion to Remand filed by Susan Comeaux ("Plaintiff").  Doc. 13. Defendant Southwest Louisiana Hospital Association d/b/a Lake Charles Memorial Health System ("LCMH") opposes the motion.  Doc. 21.  The motion has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the local rules of court.

At issue in the Motion to Remand is whether the Court has federal subject matter jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).  Having reviewed and considered the parties' submissions and applicable law, **IT IS RECOMMENDED** that the Motion to Remand [doc. 13] should be **DENIED WITHOUT PREJUDICE** at this time.

**IT IS FURTHER RECOMMENDED** that the parties should be ordered to conduct jurisdictional discovery as suggested in Plaintiffs Susan Comeaux's Response to Reply in Support of Plaintiff's Motion to Remand, at the conclusion of which Plaintiff should be allowed to re-urge her Motion to Remand.

# I.
#### BACKGROUND

Plaintiff originally filed this putative class action in the 14th Judicial District Court for the State of Louisiana, Parish of Calcasieu. Doc. 1, att. 2. The suit stems from a data breach at LCMH on or about October 20, 2022 (the "Data Breach"), during which personally identifiable information ("PII") and/or protected health information ("PHI") may have been compromised. Plaintiff alleges the Data Breach "affected 269,752 individuals," and the proposed class definition is

> All persons in the United States whose PII/PHI was compromised in the Data Breach as disclosed by LCMHS on or around December 23, 2022 (the "Nationwide Class").

Doc. 1, att. 2, pp. 2, 9.

Following the Data Breach, LCMH mailed letters to "approximately 263,529 individuals" to notify them that their PII/PHI may have been compromised during the Data Breach. Doc. 21, att. 1. Of these, approximately 246,057 letters were mailed to Louisiana addresses. *Id*. Plaintiff received one of the letters, and this litigation followed. Doc. 1, att. 2, p. 3.

LCMH removed this and four related matters[1] with similar class definitions, asserting federal subject matter jurisdiction under the CAFA, codified at 28 U.S.C. § 1332(d). Doc. 1. CAFA allows the federal courts to exercise jurisdiction over class actions with more than 100 class members, where the citizenship of at least one plaintiff is diverse from one defendant (so-called "minimal diversity"), and the amount in controversy exceeds $5,000,000, with certain exceptions

---

[1] LCMH also removed these related matters: *Guillory v. Sw. La. Health Care Sys., Inc.*, No. 2:23-cv-00292; *Manuel v. Sw. La. Health Care Sys., Inc. d/b/a Lake Charles Memorial Health Sys.*, No. 2:23-cv-00290; *Navarro v. Sw. La. Hosp. Ass'n d/b/a Lake Charles Memorial Hosp.*, No. 2:23-cv-00294; *Moreno v. Sw. La. Hosp. Ass'n d/b/a Lake Charles Memorial Hospital,* No. 2:23-cv-00496 ("Moreno"). The plaintiffs in an additional related matter, *Butler v. Sw. La. Health Care Sys., Inc. d/b/a Lake Charles Memorial Health Sys.*, No. 2:23-cv-0048, doc. 1, p. 3, filed suit in this court, alleging that this court has jurisdiction over this matter under CAFA.

for truly local controversies. *Stewart v. Entergy Corp.*, 35 F.4th 930, 932 (5th Cir. 2022). Because over two-thirds of the notification letters were mailed to Louisiana addresses, Plaintiff seeks remand on the basis that CAFA's mandatory "home state" exception precludes federal court jurisdiction. Doc. 13; 28 U.S.C. § 1332(d)(4)(B).

The fundamental jurisdictional issue in this case is citizenship. "In determining citizenship for purposes of jurisdiction, the term citizenship is synonymous with domicile." *Anderson v. Georgia Gulf Lake Charles, LLC*, No. 2:07-cv-1378, 2008 WL 11388422, *5 (W.D. La. Apr. 28, 2008) (citing *Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954)). In their arguments as to whether this court has jurisdiction over this matter, both Defendant and Plaintiff rely on the putative class members' addresses as an approximation of their domicile and citizenship. "A party's residence in a state alone does not establish domicile. Domicile requires residence in the state and an intent to remain in the state." *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 798 (5th Cir. 2007) (hereinafter "*Preston I*") (internal citations omitted) (citing *Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989); *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974)). Without a more complete record as to the domicile and citizenship of a meaningful subset of the proposed class, the Court "is left to speculate rather than extrapolate" the citizenship of the class as a whole. *Preston I,* 485 F.3d at 803 ("The medical records alone cannot form an adequate basis for the district court to make a credible estimate that two-thirds of the proposed class were citizens of Louisiana . . . .").

## II.
### LAW AND APPLICATION

A.  **CAFA's jurisdictional prerequisites**

The Class Action Fairness Act ("CAFA") "provides the federal district courts with 'original jurisdiction' to hear a 'class action' if the class has more than 100 members, the parties are

minimally diverse, and the 'matter in controversy exceeds the sum or value of $5,000,000.'" *Stewart v. Entergy Corp.*, 35 F.4th 930, 932 (5th Cir. 2022) (quoting *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 592 (2013) and 28 U.S.C. § 1332(d)(2), (d)(5)(B)). Plaintiff commenced this action in Louisiana state court pursuant to Louisiana Code of Civil Procedure article 591, et seq., which is Louisiana's class action procedure. Doc. 1, att. 2, pp. 9–13 (State Court Petition ¶¶36–46). As such, this matter constitutes a "class action" for purposes of CAFA, *see* 28 U.S.C. § 1332(d)(1)(B), and neither party contends otherwise. Likewise, both parties acknowledge that almost 270,000 persons were potentially affected by the Data Breach, *see* doc.1, att. 2, p. 2 (State Court Petition ¶4) & doc. 21, p. 2, and so no one challenges that the putative class has more than 100 members.

As the removing party invoking CAFA jurisdiction, LCMH bears the burden of showing by a preponderance of the evidence that the threshold amount in controversy requirement is met. *Berniard v. Dow Chem. Co.*, 481 F. App'x 859, 862 (5th Cir. 2010). LCMH argues that, on the face of the complaint, the aggregate claims exceed the jurisdictional threshold because the class has approximately 270,000 members. Doc. 1, pp. 7–8. Specifically, LCMH argues "the Complaint need only plausibly show an amount-in-controversy of more than $18.53 per class member to meet the $5 million jurisdictional threshold." *Id.* at p. 8. LCMH argues that the cost of credit monitoring alone, at rates typically charged by credit-monitoring services and for a class of this size, would easily exceed the jurisdictional threshold. *Id.* at p. 9. Plaintiff does not counter this argument, and the court accepts it as a plausible statement of the amount in controversy. *See Berniard,* 481 F. App'x at 862.

Finally, "minimal diversity" requires that "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332 (d)(2)(A). In this case, Plaintiff and

LCMH are both Louisiana citizens.  Doc. 1, att. 2, p. 2 (State Court Petition ¶¶6, 9).  To achieve minimal diversity, LCMH asks the court to assume that at least one member of the putative class is not a citizen of Louisiana because "with nearly 270,000 putative class members with addresses across the United States, there is minimal diversity with at least one plaintiff diverse from Defendant."  Doc. 1, p. 6.  In her reply to LCMH's opposition to the remand motion, Plaintiff for the first time challenges this assumption as insufficiently supported by evidence, arguing addresses may indicate residency but residency is not a proxy for domicile or citizenship.[2]  Doc. 22, p. 3.

"Diversity jurisdiction rests on the facts that exist at the time of removal, not on the sufficiency of the jurisdictional allegations contained in the notice of removal."  *Badeaux v. Goodell*, 358 F. Supp. 3d 562, 570 (E.D. La. 2019).  "[W]hen removal is challenged on a motion to remand, the removing defendant must then prove by a preponderance of the evidence that jurisdiction existed at the time of removal."  *Rey v. LCMC Healthcare Partners*, LLC, No. CV 21-1188, 2021 WL 3674358, at *3 (E.D. La. Aug. 19, 2021).  Cases within the Fifth Circuit indicate that when CAFA jurisdiction is challenged, the party seeking federal jurisdiction must present some evidence probative of individual class members' domiciles.  *E.g., id.* (describing evidence provided in opposition to motion to remand showing that at least some class members were not domiciled in Louisiana).

The court finds LCMH has satisfied its burden to establish that at least one putative class member is a citizen of a state other than Louisiana.  Plaintiff seeks certification of a *nationwide* class whose members are "geographically dispersed."  Doc. 1, att. 2, pp. 9, 10 (State Court Petition

---

[2] In one of the related matters, plaintiffs also argue that there is no CAFA jurisdiction because defendant has inadequately pled threshold jurisdictional facts supporting CAFA jurisdiction.  Plaintiffs' Motion to Remand, *Moreno v. Sw. La. Hosp. Ass'n d/b/a Lake Charles Memorial Hospital,* doc. 17, No. 2:23-cv-00496.  Plaintiff here makes a similar argument in reply brief, in addition to requesting the opportunity to perform discovery as to class citizenship. Doc. 22.

¶¶36, 40).  Plaintiff further proposes a "Louisiana Subclass" defined as: "All persons in the State of Louisiana whose PII/PHI was compromised in the Data Breach . . . ." *Id.* at p. 9 (State Court Petition ¶37).  Plaintiff, in the manner she has pled this case, has acknowledged the putative class includes members who are citizens of states other than Louisiana.  Indeed, in her remand motion, Plaintiff contends "the vast majority of [LCMH's] patients, and thus the class members affected by the data breach, live in Louisiana," doc. 13, att. 1, p. 5, and in so contending confirms Plaintiff's own understanding that not all putative class members are domiciled in Louisiana.

  LCMH, in opposition to Plaintiff's remand motion, submitted a declaration by the company that distributed LCMH's notice to those persons affected by the Data Breach.  Doc. 21, att. 1 (Decl. of David White).  The declaration attests that 263,529 individuals were notified of the Data Breach, and approximately 246,057 of those individuals had mailing addresses in Louisiana.  *Id.* at p. 2, ¶5.  This means approximately 17,472 such mailings were addressed to individuals outside of Louisiana, and the declaration confirms that mailings were directed "to persons with mailing addresses in all 50 states and Canada." *Id.* at ¶4.  Of these out-of-state mailings, almost 10,000 were sent to individuals with addresses in Texas.  *Id.*, Ex. A.  LCMH is located in Calcasieu Parish, Louisiana (which has as its west boundary the east state line of Texas) and is approximately 35 miles from the Texas state line.  It is certainly plausible a putative class member may have ventured into Louisiana from Texas and received treatment at LCMH before returning to Texas, or that a former Louisiana citizen affected by the Data Breach relocated to Texas prior to the filing of the petition in this case.  In addition, the Data Breach occurred in October 2022, just two years after Hurricanes Laura and Delta decimated Southwest Louisiana, and following a period in which the area was inundated with temporary out-of-state workers assisting in the recovery process.  As this court has previously recognized, "the Defendant hospital[] could have treated and billed persons

travelling through the state, persons transported into the state, or persons who were once domiciled in the state but changed their domicile prior to the Petition's filing." *Stewart v. Ruston Louisiana Hospital Co., LLC*, No. 3:14-CV-00083-RGJ, 2014 WL 1246139, at *7 (W.D. La. Mar. 25, 2014), *aff'd,* No. CIV.A. 3:14-0083, 2014 WL 4678606 (W.D. La. Sept. 19, 2014). On these facts, it is more than reasonable to infer that at least one putative class member was domiciled outside of Louisiana at the time the state court petition was filed, and so minimal diversity has been proved.

B.     **Exceptions to CAFA Jurisdiction**

Plaintiff's motion to remand raises exceptions to CAFA's broad jurisdictional grant, which are intended "to draw a delicate balance between making a federal forum available to genuinely national litigation and allowing the state courts to retain cases when the controversy is strongly linked to that state." *Preston I*, 485 F.3d at 803. The exceptions to CAFA jurisdiction are set forth in 28 U.S.C. § 1332 and are referred to as the "home state" exception (§ 1332 (d)(4)(B)), the "local controversy" exception (§ 1332 (d)(4)(A)), and the "discretionary jurisdiction" provision (§ 1332 (d)(3)). *See Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 804, 810–11 (5th Cir. 2007) (hereinafter, "*Preston II*").

Here, the "home state" exception and the "discretionary jurisdiction" exception could apply.[3] Plaintiff focuses primarily on the "home state" exception. Under the "home state" exception, the district court "shall" decline to exercise jurisdiction when "two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(B); *Stewart*

---

[3] The court agrees with LCMH that the "local controversy" exception does not apply here because one of its requirements is that "during the 3-year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons." 28 U.S.C. § 1332(d)(4)(A). It is undisputed that other similar class actions with the same defendants, concerning the same events, have been filed at the state and federal level.

*v. Entergy Corp.*, 35 F.4th 930, 932 (5th Cir. 2022). This mandatory exception could require remand at some point in the future if it becomes clear that more than two-thirds of the plaintiff class are Louisiana citizens, a real possibility because defendant LCMH acknowledges that at least two-thirds of the notification letters were mailed to Louisiana addresses. Doc. 21, pp. 2, 9. Also potentially applicable here is the "discretionary jurisdiction provision," which allows the district court to decline to exercise jurisdiction "over a class action in which greater than one-third but less than two-thirds of the members of all proposed plaintiff classes in the aggregate and the primary defendants are citizens of the State in which the action was originally filed," when the interests of justice so require, on consideration of certain listed factors. 28 U.S.C. § 1332(d)(3); *Preston II,* 485 F.3d at 811.

"Each CAFA exception requires the court to make an objective factual finding regarding the percentage of class members that were citizens of Louisiana at the time of filing the class petition." *Preston II,* 485 F.3d at 811. The party seeking remand must show by a preponderance of the evidence that CAFA's citizenship requirements are met. *Stewart*, 35 F.4th at 932; *Preston II*, 485 F.3d at 813–15 (noting that district court made a reasonable assumption that at least one-third of class members—all hospital patients in New Orleans—were Louisiana citizens based on eight affidavits of domicile, emergency contact numbers, and data gathered from medical records). "[T]he evidentiary standard for establishing the domicile of more than one hundred plaintiffs must be based on practicality and reasonableness." *Preston II*, 485 F.3d at 816. The court is permitted to "make a reasonable assumption of CAFA's citizenship requirement from evidence that indicates the probable citizenship of the proposed class." *Stewart*, 35 F.4th at 933 (citing *Williams v. Homeland Ins. Co. of N.Y.*, 657 F.3d 287, 291 (5th Cir. 2011)).

Practicality and reasonableness, however, cannot entirely replace an evidentiary inquiry into the citizenship of the proposed class. Because citizenship is based on domicile, and domicile requires evidence of both residency and intent to remain, there must be *some* evidence in the record probative of the domiciles of the proposed class members. *Stewart*, 35 F.4th at 934 (discussing the district court's reliance on an "informal survey establishing that many of the proposed class members are indeed Louisiana citizens"); *compare Preston I*, 485 F.3d at 800–01 (holding that addresses of the plaintiff class alone were insufficient to show that two-thirds of the plaintiff class were Louisiana citizens for the purposes of CAFA's "local controversy" exception) *with Preston II*, 485 F.3d at 817 (holding that addresses showing 90% of plaintiff class resided in Louisiana before hurricane, combined with affidavits of eight named plaintiffs regarding their intent to remain domiciled in Louisiana and other data gleaned from medical records, allowed the district court to make a reasonable assumption that one-third of the class was domiciled in Louisiana, for the "discretionary jurisdiction" provision).

It appears possible that two-thirds of the putative class members are Louisiana citizens, potentially triggering the "discretionary jurisdiction" and mandatory "home state" exceptions to CAFA jurisdiction. The record before the Court, however, contains insufficient evidence as to the domiciles of the putative class members, making it impossible for the court to determine the applicability of either exception. The best course, therefore, is to afford the parties an opportunity to conduct limited discovery regarding the facts related to CAFA's exceptions, *see Turner v. Alford, Holloway, & Smith*, PLLC, No. 5:23-CV-00074-DCB-BWR, 2024 WL 2978471, at *3 (S.D. Miss. June 13, 2024), such as information gleaned from drivers' licenses, voter registration, participation

in state-sponsored health insurance programs, and/or other pertinent information[4] as suggested in the reply in support of remand. Doc. 22.

## II.
### CONCLUSION

Because LCMH has shown that CAFA's jurisdictional prerequisites are met in this case, **IT IS RECOMMENDED** that the Motion to Remand [doc. 13] should be **DENIED WITHOUT PREJUDICE** at this time.

Because it appears possible that two-thirds of the putative class members are Louisiana citizens, potentially triggering the "discretionary jurisdiction" and mandatory "home state" exceptions to CAFA jurisdiction, **IT IS FURTHER RECOMMENDED** that the parties should be ordered to conduct jurisdictional discovery as suggested in Plaintiff's Susan Comeaux's Response to Reply in Support of Plaintiff's Motion to Remand, bearing in mind that the standard for extrapolating the citizenship of a class of this size "must be based on practicality and reasonableness." *Preston II*, 485 F.3d at 816. At the end of the parties' jurisdictional discovery, Plaintiff should be permitted to re-urge her Motion to Remand, if she chooses to do so.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed. R. Civ. Proc. 72(b), any party aggrieved by this Report and Recommendation has 14 days from its service to file specific, written objections with the clerk of court. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation 14 days following the date of its service, or within the time frame authorized by

---

[4] Factors indicating a person's domicile "may include the places where the litigant exercises civil and political rights, pays taxes, owns real and personal property, has driver's and other licenses, maintains bank accounts, belongs to clubs and churches, has places of business or employment, and maintains a home for his family." *Coury v. Prot*, 85 F.3d 244, 251 (5th Cir. 1996).

Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

    **THUS DONE AND SIGNED** in chambers this 9th day of September, 2024.

_____
**THOMAS P. LEBLANC**
**UNITED STATES MAGISTRATE JUDGE**